UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARCUS LARON TERRELL,

        Plaintiff,

v.

NATHAN BEEHLER et al.,

        Defendants.
_____/

Case No. 1:22-cv-874

Honorable Ray Kent

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendants Swanson and Davids. The Court will also dismiss Plaintiff's Eighth Amendment claim against Defendant Beehler for unconstitutional conditions of confinement. Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against Defendant Beehler remain.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

he complains occurred at that facility. Plaintiff sues Correctional Officer Nathan Beehler, Sergeant Unknown Swanson, and Warden John Davids.

Plaintiff alleges that, on February 25, 2022, Defendant Beehler was distributing food, cell by cell, to Plaintiff's housing unit using a food cart. (ECF No. 1, PageID.3.) While Defendant Beehler was involved in an altercation with an inmate, a second inmate "place[d] feces on to the [food] cart." (*Id.*) Rather than clean the cart, Defendant Beehler continued to distribute food. (*Id.*) When Defendant Beehler arrived at Plaintiff's cell and opened Plaintiff's food slot, Plaintiff placed his hand in the food slot and asked that Defendant Beehler clean the cart and change his gloves. (*Id.*) Defendant Beehler called Plaintiff a "wining [sic] b****" and slammed Plaintiff's hand in the food slot, breaking Plaintiff's hand. (*Id.*) Plaintiff filed a grievance related to Defendant Beehler's actions.

Plaintiff alleges that Sergeant Swanson reviewed Plaintiff's grievance and, on March 22, 2022, "falsified documents," indicating that he did not see the events described by Plaintiff on camera. (*Id.*) Plaintiff also contends that Defendant Davids chose to credit ICF staff at each step of the grievance process, refusing to acknowledge Defendant Beehler's use of excessive force. (*Id.*)

Plaintiff notes that, since filing his grievance, he has been subjected to sexual, physical and mental harassment, but does not indicate the nature of that harassment or the identity of the perpetrator(s). (*Id.*, PageID.4.) Plaintiff also claims that non-parties Lieutenant McDonald, Mrs. Carrie Bucholtz and Sergeant Cascaraelli have all failed to act upon Plaintiff's requests and grievances. (*Id.*)

4

Plaintiff seeks $100 million in compensatory and what appear to be punitive damages[2] against Defendant Beehler for excessive force, "discipline toward John Davids and Sergeant Swanson" for their efforts in covering up Defendant Beehler's use of force, and an award of costs. (*Id.*, PageID.5.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

---

[2] Plaintiff refers to "punctuational damage" (ECF No. 1, PageID.5); however, in reading Plaintiff's complaint liberally, this Court presumes that Plaintiff intends to include a claim for punitive damages.

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Discussion

Viewing Plaintiff's *pro se* complaint indulgently as required, the Court finds that Plaintiff seeks to allege Eighth Amendment claims against Defendant Beehler for excessive force and unconstitutional conditions of confinement, as well as a claim for First Amendment retaliation. Plaintiff also brings unspecified claims against Defendants Swanson and Davids for their roles in "covering . . . up" Defendant Beehler's use of force. Finally, Plaintiff makes mention of sexual, physical and mental harassment. The Court will discuss each claim in turn.

#### A. Eighth Amendment - Excessive Force

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Id.* at 9.

Plaintiff maintains that, in response to Plaintiff placing his hand in the food slot and making verbal requests, Defendant Beehler slammed Plaintiff's outstretched hand with the food slot door with sufficient force to break Plaintiff's hand.[3] The facts, taken as true, satisfy both the subjective and objective components. The Court finds that Plaintiff sufficiently states an Eighth Amendment excessive force claim against Defendant Beehler at this stage of the proceedings.

---

[3] Plaintiff alleges that he placed his right hand through his food slot door in an apparent effort to prevent Defendant Beehler from serving Plaintiff his food and in protest for the unsanitary conditions. (ECF No. 1, PageID.3.) This tactic is commonly known as taking one's food slot "hostage." *See, e.g., Earby v. Ray*, 47 F. App'x 744, 745 (6th Cir. 2002). It is against prison rules and a common form of prisoner misbehavior. *See Annabel v. Armstrong*, No. 1:09-cv-796, 2011 WL 3878379, at *4 n.5 (W.D. Mich. Mar. 30, 2011), report and recommendation adopted 2011 WL 3878385 (W.D. Mich. Aug. 31, 2011). However, even a determination that Plaintiff was engaging in misconduct by placing his hand through the food slot door would not necessarily foreclose the possibility that Defendant Beehler's response was excessive.

### B.      Eighth Amendment - Conditions of Confinement

Plaintiff also appears to claim that Defendant Beehler violated Plaintiff's Eighth Amendment rights by subjecting Plaintiff to unconstitutional conditions of confinement, including serving food to Plaintiff on a cart that had been contaminated with feces and doing so without the use of fresh gloves. These conditions, while certainly unappealing, fall short of the extreme deprivation required to state an Eighth Amendment claim.

With its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement." *Farmer*, 511 U.S. at 832. However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Rhodes*, 452 U.S. at 348). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes,* 452 U.S. at 347. As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347).

To establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes*, 452 U.S. at 347). He then must subjectively show that the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Id.* at 455 (citing *Farmer*, 511 U.S. at 834).

8

"Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration.") (quotation omitted)). "It is well-established that the presence of *some* unsanitary conditions in a cell (including fecal matter) does not establish an Eighth Amendment claim, except in circumstances where the volume of matter and duration of exposure are extreme." *Edge v. Mahlman*, No. 1:20-CV-892, 2021 WL 3725988, at *3 (S.D. Ohio Aug. 23, 2021). Allegations that a prisoner was consistently exposed to fecal matter for days are sufficient to state an Eighth Amendment claim. *Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (concluding that a prisoner who alleged that he was placed in "shockingly unsanitary" cells for six days, one of which was covered in "massive amounts" of feces and the other of which was equipped with only a clogged drain to dispose of bodily waste, stated a violation of the Eighth Amendment); *Taylor v. Larson*, 505 F. App'x 475 (6th Cir. 2012) (finding a question of fact as to the prisoner's Eighth Amendment claim where the prisoner alleged that he was confined to a call covered in fecal matter for three days); *DeSpain*, 264 F.3d at 974 (exposure to non-working toilets and other inmates' urine and feces via standing water for thirty-six hours was sufficiently serious). However, the temporary exposure to human waste is not sufficiently serious so as to state an Eighth Amendment claim, particularly where the plaintiff does not allege to have been injured as a result. *See Lamb*, 677 F. App'x at 209–210 (inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996)

(no Eighth Amendment violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days, but suffered no physical harm); *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours).

Here, Plaintiff describes a single instance in which the food cart used by Defendant Beehler was contaminated with feces before Defendant Beehler arrived at Plaintiff's cell. (ECF No. 1, PageID.3.) Plaintiff does not allege that his actual food was so contaminated and does not allege that he suffered any injury due to the food cart's contamination or Defendant Beehler's refusal to change his gloves. Accordingly, Plaintiff's allegations fall far short of an "extreme deprivation[]" required to state an Eighth Amendment claim and, therefore, do not trigger constitutional concerns. Because Plaintiff's claim fails to satisfy the objective component, the Court need not reach the question of whether Defendant Beehler was subjectively deliberately indifferent to Plaintiff's needs.

      **C.**      **First Amendment - Retaliation**

In addition to bringing Eighth Amendment claims against Defendant Beehler, the Court liberally reads Plaintiff's complaint to allege that Defendant Beehler retaliated against Plaintiff in violation of Plaintiff's First Amendment rights. Plaintiff claims that he requested that Defendant Beehler change his gloves and clean the food cart before serving food to Plaintiff and that, in response, Defendant Beehler called Plaintiff a "wining [sic] b****" and slammed Plaintiff's hand in the food slot. Construed in the light most favorable to Plaintiff, the Court finds that Plaintiff states a claim for retaliation.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was

10

engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

To the extent that the conduct prompting Defendant Beehler's retaliatory act was Plaintiff taking his food slot hostage, Plaintiff's claim would fail at the first step. As noted above, taking one's food slot hostage is a violation of a legitimate prison regulation. The Sixth Circuit has determined that "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Thaddeus-X*, 175 F.3d at 395; *see also Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (quoting *Thaddeus-X*).

However, this does not end the Court's inquiry. Plaintiff's complaint also alleges protected conduct: a verbal request and criticism of Defendant Beehler. *See Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity) (quoting *Pearson*, 471 F.3d at 741). Plaintiff alleges that, prior to slamming Plaintiff's hand in the food slot door, Defendant Beehler referred to Plaintiff as a "wining [sic] b****," implying that Defendant Beehler's use of force—an undoubtedly adverse action—was motivated by Plaintiff's verbal complaint. Given these allegations, Plaintiff's First Amendment retaliation claim cannot be dismissed on screening.

### D.  Claims Against Defendants Swanson and Davids

Plaintiff appears to suggest that that Defendants Swanson and Davids violated Plaintiff's due process rights by lying, not investigating, and not acting upon Plaintiff's grievance against Defendant Beehler. Plaintiff, however, has no due process right to file a prison grievance. The

11

courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

Plaintiff may also intend to bring claims against Defendant Sergeant Swanson and Defendant Warden Davids for their respective supervisory roles. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts from which the Court could infer that Defendants Swanson and Davids encouraged or condoned the conduct of Defendant Beehler, or authorized, approved or knowingly acquiesced in the conduct. Moreover, with respect to Defendant Davids, Plaintiff merely alleges that he denied Plaintiff's grievance, which is insufficient to establish liability under § 1983. *See Shehee*, 199 F.3d at 300. Plaintiff's vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendants Swanson and Davids were personally involved in the constitutional violations alleged in Plaintiff's complaint. The Court, therefore, will dismiss Plaintiff's claims against Defendants Swanson and Davids.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Swanson and Davids will be dismissed for failure to state a claim,

under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claim against Defendant Beehler for unconstitutional conditions of confinement. Plaintiff's claims against Defendant Beehler for excessive force and retaliation remain in the case.

An order consistent with this opinion will be entered.


Dated:  October 24, 2022                         /s/ Ray Kent
                                                Ray Kent
                                                United States Magistrate Judge